Opinion delivered June 6, 1888.

---

No. 5827.

### A. LEGGETT *v.* THE STATE.

1. UNLAWFULLY CUTTING TIMBER—INDICTMENT.—See the statement of the case for the charging part of an indictment *held* sufficient to charge the offense of unlawfully cutting timber, etc.
2. PRACTICE—VENUE.—Failure to prove the venue of an offense as alleged in the indictment or information is fatal to a conviction. See the opinion for the substance of evidence *held* insufficient to support the allegation of venue.
3. SAME—CHARGE OF THE COURT IN MISDEMEANOR CASES.—The rule of practice which obtains in misdemeanor cases requires the defendant to request such charges to the jury as he may desire.

APPEAL from the County Court of Hood. Tried below before the Hon. H. T. Berry, County Judge.

The charging part of the indictment reads as follows: * * * "That A. Leggett, late of the county of Hood, on or about the fifteenth day of January, 1886, with force and arms, in the county of Hood, State of Texas, did then and there unlawfully, knowingly and wilfully, without the consent of the owner thereof, cut down, destroy and carry away trees and timber

upon land not his own—to wit, upon land known as the James W. Moore survey; against the peace and dignity of the State." The conviction was supplemented by a fine of ten dollars.

The opinion sufficiently discloses the facts.

*W. A. Duke* and *N. L. Cooper*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant stanas convicted for cutting down and destroying timber upon land not his own. The indictment is sufficient, and there is no error in overruling the motion in arrest.

There is no evidence rendering it at all certain that the offense was committed in Hood county. The indictment alleged that the timber was cut on the James W. Moore survey. The only evidence tending to show the location of the Moore survey is found in the testimony of Jo. Buckhalter, who says: "I live in Hood county on the A. O'Brien survey, seven miles south from Granbury. The west line of the J. W. Moore survey and the east line of the O'Brien survey is the same." We are not informed that all of the O'Brien survey is in Hood county, nor that any part of the Moore survey is in Hood county. We can not judicially know that Granbury is in Hood county, nor the distance from this place south to the county line, nor the shape and size of the Moore and O'Brien surveys. There being no proof of venue, the judgment must be reversed.

The learned judge in no part of his charge instructs the jury that the offense must be shown to have been committed in Hood county. Counsel for appellant assigns this for error, and urges that appellant excepted to the charge for this omission. The record shows general exceptions, indicating no particular error. This is a misdemeanor. (See Perigo et al. v. The State, ante, 533.)

Because the venue is not proven, the judgment is reversed and the cause remanded.

*Reversed and remanded.*